UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOSEPH H NORTON, § | | |
| TDCJ #00676182, § | | |
| § | | |
| Plaintiff, § | | |
| VS. § | | CIVIL ACTION NO. 3:18-CV-0279 |
| § | | |
| UNIVERSITY OF TEXAS MEDICAL § | | |
| BRANCH, *et al*, § | | |
| § | | |
| Defendants. § | | |

## MEMORANDUM OPINION AND ORDER

Joseph H. Norton, currently incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), filed a civil rights complaint (Dkt. 1) on September 18, 2018. Norton also has filed a motion for leave to proceed *in forma pauperis* (Dkt. 2) and a motion for appointment of counsel (Dkt. 5). Having reviewed Norton's filings, his litigation history, and all matters of record, the Court **denies** leave to proceed *in forma pauperis* for the reasons explained below.

Under the "three strikes" rule found in the Prison Litigation Reform Act, a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted, unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Once a prisoner has accumulated three qualifying dismissals or strikes for purposes of Section 1915(g), he may not proceed without prepayment of the filing fee unless he fits

within the "imminent danger" exception at the time his complaint is filed. *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998); *Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996).

At least three prior suits filed by Norton have been dismissed as frivolous or for failure to state a claim. *See Norton v. Schmidt*, 2:95-CV-0638 (S.D. Tex.); *Norton v. Dimazana*, 2:95-CV-0550 (S.D. Tex.); *Norton v. Enns*, 2:14-CV-40 (N.D. Tex.). *See also Adepegba*, 103 F.3d at 385-87 ("three strikes" provision of Section 1915(g) applies retroactively to cases pending on effective date of statute). Therefore, Norton may not proceed *in forma pauperis* absent a showing of "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Banos*, 144 F.3d at 885. The threat of imminent danger must be "real and proximate," *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003), and allegations regarding past harms do not suffice. *Banos*, 144 F.3d at 885; *see Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) (en banc).

Norton does not allege that he satisfies the "imminent danger of serious physical injury" exception of Section 1915(g). Rather, in this lawsuit, he alleges that he was improperly charged a $100 co-pay for a chronic care visit to a dental provider and that, despite his administrative grievance, Defendants failed to remedy the improper withdrawal from his account for the copay. He seeks return of the funds and "to have Dental re-mold my top partial plate" (Dkt. 1, at 4). These allegations plainly are insufficient to satisfy the "imminent danger" exception.

Because Norton is not eligible to proceed *in forma pauperis*, the Court will dismiss the complaint without prejudice as barred by Section 1915(g). Based on the foregoing, the Court **ORDERS** as follows:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. 2) is **DENIED**.

2. Plaintiff's complaint (Dkt. 1) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).

3. All other pending motions are **DENIED as moot**.

4. The Clerk will provide a copy of this Order to the plaintiff and to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

SIGNED at Galveston, Texas, this 19th day of October, 2018.

George C. Hanks Jr.
United States District Judge